IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWIN DUANE EASTTEAM, ) | |
| ) | |
| Defendant/Petitioner, ) | |
| ) | |
| v. ) | Case No. 04-CR-80-JHP |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent. ) | |

## OPINION AND ORDER

Before the Court is Petitioner Edwin Duane Eastteams's ("Petitioner") motion to vacate, set aside, or correct sentence by a person in federal custody brought pursuant to 28 U.S.C. § 2255 (Doc. No. 53). Petitioner seeks relief pursuant to the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Respondent the United States of America ("Respondent") opposes Petitioner's motion (Doc. No. 56). For the reasons cited herein, Petitioner's motion pursuant to § 2255 is **DENIED.**

## BACKGROUND

In 2004, Petitioner pleaded guilty to possession of a firearm and ammunition after a felony conviction, in violation of 18 U.S.C. §922(g)(1). (Doc. No. 26). In advance of sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR") as to Petitioner, in which it was recommended he be classified as an Armed Career Criminal ("ACC") under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). (PSR ¶ 21). Petitioner's ACC classification was based on his having committed the § 922(g)(1) offense after sustaining three prior convictions for a violent felony or serious drug offense. Petitioner's predicate ACC convictions are (1) Delivery of Marijuana (Tulsa County Case No. CF-1988-1622), (2) Unlawful Delivery of a Controlled Drug (Pittsburg County Case No. F-89-

1

266), (3) Unlawful Delivery of a Controlled Drug (Pittsburg County Case No. F-89-266), and (4) First-Degree Burglary After Felony Conviction (Tulsa County case No. CF-95-966). (PSR ¶¶ 21, 25-28). On December 6, 2004, Judge Cook sentenced Petitioner to 220 months of imprisonment. (Doc. Nos. 24, 26). Petitioner appealed the denial of his request for a third-level reduction for acceptance of responsibility, but he did not appeal his ACC designation. The Tenth Circuit Court of Appeals affirmed his sentence. *United States v. Eastteam*, 426 F.3d 1301 (10th Cir. 2005), *cert. denied*, 126 S. Ct. 1442 (2006).

In his pending § 2255 motion, Petitioner seeks to change his ACC designation based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## DISCUSSION

A defendant who violates 18 U.S.C. § 922(g) and qualifies for the ACCA enhancement is subject to a mandatory minimum sentence of fifteen years of imprisonment. 18 U.S.C. § 924(e)(1). The enhancement applies when the defendant has three prior convictions by any court for a "violent felony" or a "serious drug offense," or both, "committed on occasions different from one another." *Id.* The statute provides three clauses defining the types of crimes that qualify as a "violent felony":

(i) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "elements clause");

(ii) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated offenses clause"); or

(iii) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause").

18 U.S.C. § 924(e)(2)(B)(i)-(ii). A "serious drug offense" includes "an offense under State law, involving manufacturing, distributing or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." § 924(e)(2)(A)(ii).

In *Johnson*, the United States Supreme Court held the enhanced sentence could not be imposed pursuant to the ACCA's "residual clause," which defines a violent felony to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. at 2563. The Supreme Court found this clause violated the Due Process Clause of the Fifth Amendment to the United States Constitution, because it was impermissibly vague on its face. *Id.* at 2557. The Supreme Court has since clarified that its decision under *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

Here, despite *Johnson*'s retroactivity, Petitioner is not entitled to relief under *Johnson* because he has three predicate offenses that do not fall into the residual clause but rather qualify as "serious drug offenses" under ACCA. Defendant was found to be an Armed Career Criminal based in part on three prior Oklahoma drug convictions: one Tulsa County conviction for Delivery of Marijuana and two Pittsburg County convictions for Unlawful Delivery of a Controlled Drug. All three of these convictions involved distributing a controlled substance, and each conviction carried a maximum term of imprisonment of twenty years, which qualifies them as ACCA predicates. OKLA. STAT. tit. 63, § 2-401(B)(2) (1988).

Petitioner argues his 1988 Tulsa County conviction for Delivery of Marijuana does not qualify under the ACCA, because its statutory maximum sentence would not be ten years or more. (Doc. No. 53, at 2). However, Petitioner identifies no grounds for this conclusion, and the

Court can identify none. The 1988 version of the relevant statute provides for a maximum term of imprisonment of twenty years. OKLA. STAT. tit. 63, § 2-401(B)(2) (1988). Therefore, Petitioner's three prior drug convictions all qualify as "serious drug offenses" under the ACCA, which are unaffected by *Johnson*'s holding. Petitioner's sentence under the ACCA remains supported by three qualifying predicate convictions.[1] Accordingly, Petitioner's § 2255 motion is denied.

## EVIDENTIARY HEARING

This Court is required by § 2255 to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. *See also United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988). With this standard as a guide, the Court has thoroughly reviewed the pleadings, files, and record in this case, and from that review, the Court finds the record conclusively shows that Petitioner is entitled to no relief on his claims and an evidentiary hearing is unnecessary.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicate[s] which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4

---

[1] The Court need not address Petitioner's arguments regarding the continuing validity of his fourth predicate ACCA conviction, for first-degree burglary. As Respondent points out, Petitioner's drug convictions provide a sufficient basis for his ACCA sentence, even without the fourth predicate burglary conviction.

4

(1983)).  After considering the record in this case, the Court concludes a certificate of appealability should not issue, as Petitioner has not made a substantial showing of the denial of a constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

## CONCLUSION

For the foregoing reasons, Petitioner Edwin Duane Eastteam's motion to vacate, set aside, or correct sentence by a person in federal custody brought pursuant to 28 U.S.C. § 2255 (Doc. No. 56) is **DENIED.**

James H. Payne
United States District Judge
Northern District of Oklahoma